IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| **CARMANSITA WASHINGTON**<br>5804 30th Avenue<br>Hyattsville, MD 20782<br><br>　　　　　　**Plaintiff,**<br><br>　　v.<br><br>**WASHINGTON METROPOLITAN<br>　AREA TRANSIT AUTHORITY**<br>600 Fifth Street, N.W.<br>Washington, D.C.  20001<br><br>　　　　　　**Defendant.** | :<br>:<br>:<br>:<br>:<br>:<br>: Case No.1:05CV02341-JDB<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: |

## ANSWER OF DEFENDANT WMATA

Defendant Washington Metropolitan Area Transit Authority ("WMATA") hereby states its Answer to Plaintiff's Complaint.

### Responses to Paragraphs In Complaint

1. With respect to Paragraph 1, WMATA admits only that this Court has jurisdiction pursuant to § 81 of the WMATA Compact, reprinted at D.C. Code § 9-1107.01(81), but denies all other allegations.

2. Admitted.

3. Denied.  By way of further answer, WMATA admits only that it is an interstate compact agency and instrumentality of Maryland, Virginia, and the District of Columbia, approved by Congress through Pub. L. No. 89-774.

4. 　　Denied for lack of information and belief.

5. 　　With respect to Paragraph 5, WMATA admits only that it owns and

operates the Vienna Metrorail Station, but denies all other allegations and inferences.

    6.    Denied for lack of information and belief.

    7.    Denied for lack of information and belief.

    8.    Denied for lack of information and belief.

    9.    Denied for lack of information and belief.

    10.    Denied.

    11.    Paragraph 11 constitutes a legal conclusion to which no response is necessary.

    12.    Denied.

    13.    Denied.

    14.    Denied.

Further answering the Complaint, WMATA denies all allegations of negligence and all allegations not specifically admitted.

### First Affirmative Defense

Plaintiff's Complaint fails to state a claim upon which relief can be granted.

### Second Affirmative Defense

Plaintiff's action is barred by contributory negligence.

### Third Affirmative Defense

Plaintiff's action is barred by assumption of the risk.

### Fourth Affirmative Defense

Should discovery provide a basis, WMATA reserves the right to argue that the alleged incident was caused by a person or entity not a party to this case.

**Fifth Affirmative Defense**

WMATA is immune from the instant claims because these claims involve WMATA's governmental functions, including discretionary decisions.

**Sixth Affirmative Defense**

This case should be transferred to the U.S. District Court for the Eastern District of Virginia (where the alleged incident occurred) or, alternatively, to the U.S. District Court for the District of Maryland (where Plaintiff resides).

WHEREFORE, having fully answered the Complaint, Defendant WMATA respectfully requests that this matter be dismissed and that WMATA be awarded the costs of responding to this lawsuit.

Respectfully submitted,

WASHINGTON METROPOLITAN AREA
 TRANSIT AUTHORITY

Carol B. O'Keeffe #445227
General Counsel


_____/s/_____
Mark F. Sullivan #430876
Deputy General Counsel

_____/s/_____
Donna L. Gaffney #428725
Assistant General Counsel
600 Fifth Street, N.W.
Washington, D.C.  20001
(202) 962-1466
Attorneys for Defendant WMATA

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing **Defendant WMATA's Answer to Plaintiff's Complaint** was mailed, postage prepaid, on this 6th day of January, 2006 to:

Lorenzo Randle, Esq.
6811 Kenilworth Avenue
Suite 210
Riverdale, MD 20737

/s/
Donna L. Gaffney