IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **CARMANSITA WASHINGTON** | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : Case No. 1:05cv02341 |
| | : Judge John D. Bates |
| **WASHINGTON METROPOLITAN AREA** | : |
| **TRANSIT AUTHORITY,** | : |
| | : |
| Defendant. | : |

### DEFENDANT WMATA'S MOTION TO TRANSFER CASE

Defendant Washington Metropolitan Area Transit Authority ("WMATA"), through its attorney Donna L. Gaffney and pursuant to 28 U.S.C. §1404 (a), hereby moves this Court for entry of an order transferring this case to the United States District Court for the Eastern District of Virginia. Defendant WMATA is an interstate compact agency and instrumentality of, *inter alia*, Virginia. This tort action arises from the plaintiff's slip and fall in the Vienna Metrorail station in Fairfax County, Virginia. The plaintiff was transported from the scene by Fairfax County paramedics to Fairfax Hospital for evaluation and treatment. This cause of action arose in Virginia, and the proof is located in Virginia. Virginia law will govern this action.

WHEREFORE, for the foregoing reasons and as set out more fully in the accompanying Memorandum of Points and Authorities, Defendant WMATA respectfully requests that this motion be granted.

### COORDINATION WITH OPPOSING COUNSEL

_____Counsel for WMATA telephoned plaintiff's counsel prior to request his consent prior to filing this motion. Mr. Randle has indicated that he will oppose this motion.

Respectfully submitted,

WASHINGTON METROPOLITAN AREA
TRANSIT AUTHORITY

Carol O'Keeffe
General Counsel

_____/s/_____
Mark F. Sullivan, 430876
Deputy General Counsel

_____/s/_____
Donna L. Gaffney, 428725
Assistant General Counsel
600 Fifth Street, N.W.
Washington, D.C.  20001
(202) 962-1466
*Attorneys for Defendant WMATA*

**CERTIFICATE OF SERVICE**

I hereby certify that on this ___ day of February, 2006, a copy of the foregoing Motion and Memorandum of Points and Authorities was mailed, postage prepaid, to:

Lorenzo Randle, Esq.
Randle & Randle
6811 Kenilworth Ave., Suite 210
Riverdale, MD 20737

_____/s/_____
Donna L. Gaffney

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **CARMANSITA WASHINGTON** | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : Case No. 1:05cv02341 |
| | : Judge John D. Bates |
| **WASHINGTON METROPOLITAN AREA** | : |
| **TRANSIT AUTHORITY,** | : |
| | : |
| Defendant. | : |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
DEFENDANT WMATA'S MOTION TO TRANSFER**

STATEMENT OF FACTS

Plaintiff Carmansita Washington alleges that, on December 8, 2003, she slipped and fell on a platform at the Vienna Metrorail station, which is located in Fairfax County, Virginia. Fairfax County paramedics responded to the scene and transported Ms. Washington to Fairfax Hospital for evaluation. The plaintiff, a Maryland resident, alleges that WMATA improperly maintained the train platform at the Vienna Metrorail facilities. There is no factual nexus between this accident and the District of Columbia, and the proof is located in Virginia.

ARGUMENT

**Since the proof is located in Virginia, the Court should transfer this action for the convenience of the Defendant and witnesses.**

The District Court has broad discretion in deciding whether the proposed forum better serves the convenience of the parties and the interest of justice. 28 U.S.C. § 1404 (a) provides that:

> For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

§1404(a) "require[s] that less weight be given to the plaintiff's choice of forum than was received under the common law doctrine." Moore's Federal Practice §111.13[1][c][I], citing Norwood v. Kirkpatrick, 349 U.S. 29, 32(1955). It affords broader discretion to transfer than existed under the common law doctrine of forum non conveniens. "It is perfectly clear that the purpose of this section of the Revised Judicial Code was to grant broadly the power of transfer for the convenience of the parties and witnesses, in the interest of justice, whether dismissal under the doctrine of forum non conveniens would have been appropriate or not." Norwood v. Kirkpatrick, 349 U.S. 29, 32 (1955). This broad discretion weighs in favor of Virginia as the proper venue for this action.

**The private and public interests weigh in favor of transfer to the
Eastern District of Virginia.**

When deciding a motion to transfer, the court must first establish that the plaintiff could have brought her suit in the forum to which transfer is sought. In the instant case, the U.S. District Court for the Eastern District of Virginia is a proper venue, because the court has jurisdiction over the defendant WMATA and the relevant events all occurred in Virginia. Venue is proper in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of action is situated". Brannen v. National Railroad Passenger Corp., – F.Supp.2d–, 2005 WL 3455373 (D.D.C. 2005) (transfer to Maryland was proper in an action by a train passenger to recover for injuries arising from a train derailment in Maryland, when the District of Columbia was not the passenger's home forum and lacked meaningful ties to the controversy), citing 28 U.S.C. §1391(a).

Having satisfied this threshold analysis, the court must then balance the inter-relating

private and public interests at issue. The private interests include: (1) the plaintiff's choice of forum; (2) the defendants' choice of forum; (3) where the claim arose; (4) the convenience of the parties; (5) the convenience of the witnesses, and (6) the ease of access to sources of proof. The public interests include: (1) the transferee court's familiarity with governing law; (2) the relative congestion of the courts involved; and (3) the local interest in deciding local controversies at home. Trout Unltd. v. U.S. Dep't. of Agric., 944 F.Supp. 13, 16 (D.D.C. 1996).

"[B]ecause the ... claims arose elsewhere, and because the plaintiff has no significant connection with this forum, plaintiff's choice of forum is not entitled to deference." Osan Ltd. V. Accenture LLP, 2005 WL 2902246 (D.D.C. 2005) (transfer to the Eastern District of New York was proper when the plaintiff was a foreign corporation and the alleged fraud did not occur in the District of Columbia, but in New York). See also, Kotan v. Pizza Outlet, Inc., 400 F.Supp. 2d 44, 49 (D.D.C. 2005) "Courts can determine venue by applying a 'commonsense appraisal' of events having operative significance." Middlebrooks v. England, 2005WL3213956 (D.D.C. 2005), citing James v. Booz-Allen & Hamilton, 227 F.Supp.2d 16, 20 (D.D.C. 2002) (transfer from the District of Columbia to the District of Maryland was proper where the discriminatory acts were alleged to have occurred in Maryland).

In this case, the administrative headquarters of WMATA is the only nexus with the District of Columbia. The incident took place in Virginia and Virginia paramedics responded and transported the plaintiff, a Maryland resident, to a Virginia hospital. The plaintiff alleges that WMATA actively and passively caused the plaintiff's fall in Virginia, and that WMATA breached the duty of care owed to the plaintiff. That duty of care is established by Virginia law.

Section 80 of the WMATA Compact[1] dictates use of the "law of the applicable signatory" where the claim arose, which in this case is Virginia.

Further, the independent witnesses are located in Virginia, namely the Fairfax County paramedics who transported the plaintiff and the Fairfax Hospital personnel who treated her. These key witnesses are beyond the subpoena power of this court. Although discovery has not yet begun, it is likely that any eyewitnesses to the incident would be located in Virginia. The convenience of these non-party witnesses will be served by a transfer to Virginia. Finally, WMATA's maintenance personnel and records for the Vienna Metrorail station are also located in Virginia.

Recent data indicates that the U.S. District Court for the District of Columbia is significantly more congested than the U.S. District Court for the Eastern District of Virginia. For civil actions filed in the District of Columbia in 2005, the median time from filing to disposition was 10.8 months, and the median time from filing to trial was 35.0 months. In Virginia, the median time from filing to disposition was 5.3 months, and the median time from filing to trial was 9.4 months. See, Judicial Caseload Profile Report for 2005, Exhibit A, www.uscourts.gov/cgi-bin/cmsd2005.pl. Transferring this case to the Eastern District of Virginia is, therefore, likely to significantly speed the resolution of this dispute.

CONCLUSION

The District of Columbia is an inconvenient venue for this lawsuit. The proof and subject matter are located in Virginia and Virginia courts have greater expertise in the application of

---

[1] The WMATA Compact is codified by reference at Va. Code §§ 56-529, 56-530, set forth in full in the "Compacts" volume of the Va. Code, at p. 263, et seq.

Virginia premises liability law. All of the challenged actions occurred in Virginia. This case could have been brought in Virginia, where WMATA is subject to suit. Any deference to the plaintiff's choice of forum is overridden by the lack of any meaningful ties between the District of Columbia and this cause of action.

    For the foregoing reasons, Defendant WMATA respectfully requests that this case be transferred to the U.S. District Court for the Eastern District of Virginia.

        Respectfully submitted,

        WASHINGTON METROPOLITAN AREA
            TRANSIT AUTHORITY

        _____/s/_____
        Mark F. Sullivan
        Deputy General Counsel

        _____/s/_____
        Donna L. Gaffney
        Assistant General Counsel
        600 Fifth Street, N.W.
        Washington, D.C.  20001
        (202) 962-1466
        Attorneys for Defendant WMATA

Case 1:05-cv-02341-JDB    Document 6    Filed 02/06/2006    Page 8 of 8